IN THE MATTER OF: MITZI VALENCIA COLEMAN 2711-C PATIO PLACE
GREENSBORO, NORTH CAROLINA

No. 8118DC835

(Filed 2 February 1982)

**Infants § 16— juvenile hearing—failure to disclose record of juvenile witness—absence of document in record on appeal**

A juvenile is not entitled to a new trial on the ground that the criminal record of a juvenile witness was not disclosed to respondent's counsel as required by G.S. 7A-618(b) where the document was not included in the record on appeal, and the appellate court is unable to determine whether the document contained information required by the statute to be disclosed and whether the information would be favorable or material to respondent's case.

APPEAL by respondent from *Foster, Judge.* Order signed 13 May 1981 in District Court, GUILFORD County. Heard in the Court of Appeals 13 January 1982.

Respondent appeals from an order placing her on probation, she having previously been adjudicated a delinquent child for the unlawful burning of a school building in violation of N.C.G.S. 14-60.

*Attorney General Edmisten, by Associate Attorney Emily R. Copeland, for the State.*

*W. Steven Allen for respondent appellant.*

MARTIN (Harry C.), Judge.

Couched in the language of respondent, we are asked to determine "whether the trial court's overruling of juvenile's objection and the petitioner's failure to disclose the juvenile record of Connie Swann, a co-defendant before trial as requested and ordered by the Court constitute reversible error entitling juvenile to a new trial?"

N.C.G.S. 7A-618(b) provides:

Names of Witnesses.—Upon motion of the juvenile, the judge shall order the petitioner to furnish the names of persons to be called as witnesses. A copy of the record of witnesses under the age of 16 shall be provided by the peti-

In re Coleman

tioner to the juvenile upon his motion if accessible to the petitioner.

At trial, Connie Swann testified as a witness for the state. Our reading of the record discloses that at one point during respondent's cross-examination of detective Brenda Bishop, the investigating officer, reference was made to a copy of an official Greensboro police report containing information which respondent alleges was not disclosed to her and about which she was entitled to know. This document is not included in the record before us. It is respondent's contention, however, that the substance of this document is not necessary to our determination, but that its mere non-disclosure violates the statute and entitles her to a new trial. We cannot agree.

We find nothing in the record except vague innuendos, circuitous comment, and unsupported allegations that the document to which respondent refers is a juvenile record as contemplated by the statute.

As we interpret the language in N.C.G.S. 7A-618(b), the state is required to disclose the record of juvenile witnesses for criminal convictions. Respondent herself supports this interpretation by arguing that a failure to disclose the juvenile record precluded an effective cross-examination of witness Swann by impeachment. Our rules of evidence bar cross-examination regarding an indictment or other charge of a crime, as distinguished from a conviction. *See* 1 Stansbury's N.C. Evidence § 112 (Brandis rev. 1973) (and cases cited therein).

Respondent admits that she is unaware of what the document reflects. While it is true that suppression of evidence favorable to an accused upon request violates due process where the evidence is material to guilt, *Brady v. Maryland,* 373 U.S. 83, 10 L.Ed. 2d 215 (1963), we are unable to determine (1) whether the document contains information required by statute to be disclosed, and (2) whether the information would be favorable or material to respondent's case.

Affirmed.

Chief Judge MORRIS and Judge VAUGHN concur.