724 S.E.2d 651 (2012)
In the Matter of A.M. (Juvenile).
No. COA11-1380.
Court of Appeals of North Carolina.
April 17, 2012.
*652 Attorney General Roy A. Cooper, III, by Assistant Attorney General Creecy Johnson, for the State.
Geeta Kapur, for juvenile-appellant.
STROUD, Judge.
Juvenile appeals adjudication and disposition orders. For the following reasons, we order that juvenile receive a new hearing.

I. Background
On 29 October 2010, three petitions ("October petitions") were filed against juvenile for disorderly conduct at school, misdemeanor assault, and delinquency based upon juvenile allegedly "kick[ing] another student in the groin area of his body, causing this student to fall to the ground in pain." On 8 December 2010, a petition ("December petition") was filed against juvenile for delinquency based upon juvenile allegedly "wantonly and willfully set[ting] fire to and caus[ing] to be burned an uninhabited house[.]" (Original in all caps.) On 24 March 2011, the court heard both the October and December petitions. Petitioner dismissed its petitions as to disorderly conduct and assault inflicting serious injury and the juvenile admitted the allegation of simple assault, leaving the delinquent act alleged in the December petition, "wantonly and willfully set[ting] fire to and caus[ing] to be burned an uninhabited house[,]" (original in all caps), as the only contested matter for consideration at the adjudicatory hearing. Also on 24 March 2011, the court adjudicated the juvenile delinquent based upon the juvenile's admission of simple assault and upon the December petition. On 19 May 2011, the court entered a "JUVENILE LEVEL 2 DISPOSITION ORDER (DELINQUENT)" requiring juvenile be placed on probation for 12 months, cooperate with a community commitment program, pay $500.00 in restitution, abide by a curfew set by a "COURT COUNSELOR AND/OR *653 PARENT[,]" not associate with "ANYONE DEEMED INAPPROPRIATE BY COURT COUNSELOR AND/OR PARENT[,]" not be anywhere it is "UNLAWFUL FOR [a] JUVENILE TO BE[,]" cooperate with a wildness program, be on house arrest by "be[ing] with parents or grandparents at ALL times[,]" "be confined ... [at] an approved detention facility" for fourteen days, perform community service, and "FOLLOW ALL OTHER COURT COUNSELORS RECOMMENDATIONS[.]" Juvenile appeals.

II. Witness List
Juvenile contends that "the trial court erred when it failed to order the petitioner to publish a list of the witnesses it intended to call at trial when the juvenile followed the statutory requirement of filing a written request for the list." (Original in all caps.) "[Juvenile] alleges a violation of a statutory mandate, and alleged statutory errors are questions of law. A question of law is reviewed de novo. Under the de novo standard, the Court considers the matter anew and freely substitutes its own judgment for that of the lower court." State v. Reeves, ___ N.C.App. ___, ___, 721 S.E.2d 317, 322 (2012) (citations, quotation marks, and brackets omitted).
N.C. Gen.Stat. § 7B-2300(b) provides that [u]pon motion of the juvenile, the court shall order the petitioner to furnish the names of persons to be called as witnesses. A copy of the record of witnesses under the age of 16 shall be provided by the petitioner to the juvenile upon the juvenile's motion if accessible to the petitioner.
N.C. Gen.Stat. § 7B-2300(b) (2009) (emphasis added).
On 21 March 2011, juvenile filed a "MOTION IN LIMINE FOR THE STATE TO DISCLOSE THE PRIOR CRIMINAL HISTORY AND RECORDS OF ALL STATE'S WITNESSES AND A LIST OF WITNESSES IT INTENDS TO CALL AT TRIAL[.]" According to the transcript, the petitioner provided the names of some witnesses to juvenile prior to the hearing, but the court never addressed juvenile's motion in limine. On 24 March 2011, the day of juvenile's hearing, the petitioner for the first time disclosed a new witness; this witness was the only eyewitness to testify that she had seen juvenile set a fire. Juvenile's attorney moved to continue the hearing so she could "do some investigation[.]" Petitioner's counsel claimed that it only became aware of the witness "today" and had given juvenile's attorney an opportunity to speak with the witness earlier that day. The court denied the motion to continue. However, during the witness' testimony, she testified she had received a subpoena "back in December[.]"
While it appears from the transcript that more than one individual from the district attorney's office handled this case, it also appears clear from the witness's testimony that petitioner was aware of her as a witness long before the date of juvenile's hearing. Petitioner's brief essentially concedes this point. Furthermore, the witness was an important one as she was the only eyewitness to testify that she saw juvenile start a fire. N.C. Gen.Stat. § 7B-2300(b) mandates that when requested the petitioner shall disclose the names of witnesses to juvenile, and it is clear that this witness was certainly material to the case against juvenile. Contrast In re Coleman, 55 N.C.App. 673, 673-74, 286 S.E.2d 621, 622 (1982) (concluding that respondent should not receive a new hearing where State did not disclose a document but it was unclear "(1) whether the document contains information required by statute to be disclosed, and (2) whether the information would be favorable or material to respondent's case"). We thus agree with juvenile that the court erred in failing to allow her motion in limine, continue the case, or find another way to remedy a situation created by the petitioner's failure to comply with the plain mandate of N.C. Gen.Stat. § 7B-2300(b). See N.C. Gen.Stat. § 7b-2300(b). Accordingly, we conclude that the petitioner's failure to comply with a statutory mandate and the court's failure to remedy the situation was prejudicial as with more notice juvenile may have been able to impeach this material witness and thus may not have been adjudicated delinquent for setting a fire and would not have received the disposition as ordered by the court. See generally State v. Godley, 140 N.C.App. 15, 26, 535 S.E.2d 566, 574-75 (2000) ("To show prejudicial *654 error, a defendant has the burden of showing that there was a reasonable possibility that a different result would have been reached at trial if such error had not occurred." (citation and quotation marks omitted)), disc. review denied, 353 N.C. 387, 547 S.E.2d 25, cert. denied, 532 U.S. 964, 121 S.Ct. 1499, 149 L.Ed.2d 384 (2001).

III. Conclusion
For the foregoing reasons, we conclude that juvenile must receive a new hearing. As juvenile is receiving a new hearing, we need not address her other issue on appeal.
NEW HEARING.
Judges ELMORE and STEELMAN concur.