*431 CALABRIA, Judge.
*25 K.M.M. ("the juvenile") appeals the 2 April 2014 adjudication of the juvenile as delinquent that resulted in a disposition order placing him on probation for nine months. We affirm.
On 16 October 2013 at approximately 5:00 p.m., Alicia Nguyen ("Ms. Nguyen") was eating dinner at a Wendy's restaurant in Raleigh, North Carolina. While she was eating, three young African-American men *26 entered the restaurant and sat down at a table behind her. Ms. Nguyen turned around to look at them because they were being rowdy and making rude remarks. Later, two of the young men walked toward the bathroom while the third stood at the food counter facing Ms. Nguyen. The last time Ms. Nguyen looked at her watch, it was 5:30 p.m.
After talking on her iPhone cellular telephone, Ms. Nguyen placed the iPhone on the table. The three young men then surrounded Ms. Nguyen. One of the three young men told his companions to take the iPhone, and the young man standing behind Ms. Nguyen grabbed it off the table. The three then ran from Wendy's with the iPhone, and Ms. Nguyen chased them.
While Ms. Nguyen was chasing the young men, she came into contact with a woman who called 911 at approximately 5:30 p.m. to report the larceny for Ms. Nguyen. Then, Ms. Nguyen came into contact with Patrick Wall ("Mr. Wall"). Ms. Nguyen told Mr. Wall about the theft, and Mr. Wall turned around and drove in the direction Ms. Nguyen had last seen the young men running. Minutes before meeting Ms. Nguyen, Mr. Wall had driven past three young African-American men in that direction. When he saw the three young men again, they ran.
Officer William Edwards ("Officer Edwards") of the Raleigh Police Department ("RPD") investigated the iPhone theft. Ms. Nguyen provided Officer Edwards with a description of the suspects and their clothing. Mr. Wall then informed Officer Edwards where he had last seen the suspects. Officer John Walls ("Officer Walls") detained two individuals that matched the suspects' descriptions.
The juvenile, one of the young men detained, had a Wendy's spoon and two Wendy's receipts in his pockets that were time-stamped 5:29 p.m. and 5:33 p.m. The times on the receipts coincided with the time that the larceny took place at Wendy's. Mr. Wall then observed the individuals at a showup and identified the two individuals as the young men he had previously seen. The juvenile and his companion were taken into custody, and the juvenile was charged with misdemeanor larceny.
On 15 March 2014, a juvenile delinquency hearing was conducted in Wake County District Court. At the hearing, the State presented evidence from Ms. Nguyen, Mr. Wall, Officer Edwards, Officer Walls, RPD Officer D.B. Morland ("Officer Morland"), and RPD Officer Gregory Modetz ("Officer Modetz"). Ms. Nguyen identified the juvenile as one of the young men who stole her iPhone. The juvenile made a motion to dismiss at the close of the State's evidence and at the close of all *27 the evidence. The trial court denied both motions, adjudicated the juvenile as delinquent for misdemeanor larceny pursuant to N.C. Gen.Stat. § 14-52 (2013), and placed the juvenile on probation for nine months. The juvenile appeals.
The juvenile first argues that the trial court erred by denying his motion to dismiss and adjudicating him as delinquent. Specifically, the juvenile is not challenging the evidence regarding the elements of larceny. Rather, he contends that there was insufficient evidence that he was the perpetrator of the larceny. We disagree.
"We review a trial court's denial of a juvenile's motion to dismiss de novo. " In re J.F., --- N.C.App. ----, ----, 766 S.E.2d 341, 347 (2014) (citation omitted). "Where the juvenile moves to dismiss, the trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged and (2) of [the] juvenile's being the perpetrator of such offense." Id. (quoting In re Heil, 145 N.C.App. 24, 28, 550 S.E.2d 815, 819 (2001) ) (internal quotation marks omitted). Pursuant to N.C. Gen.Stat. § 14-72(a) (2013), the elements of larceny are: "(1) the wrongful taking and carrying *432 away; (2) of the personal property of another; (3) without his consent; (4) with the intent to deprive permanently the owner thereof." State v. Edwards, 310 N.C. 142, 146, 310 S.E.2d 610, 613 (1984).
"The juvenile's motion to dismiss should be denied if there is substantial evidence-whether direct, circumstantial, or both-to support a finding that the offense charged has been committed and that the juvenile committed it." In re R.N., 206 N.C.App. 537, 539, 696 S.E.2d 898, 901 (2010) (citation omitted) (internal quotation marks omitted). "Substantial evidence is that amount of relevant evidence sufficient to persuade a rational juror to accept a particular conclusion." Id. "When reviewing a motion to dismiss a juvenile petition, courts must consider the evidence in the light most favorable to the State, which is entitled to every reasonable inference of fact that may be drawn from the evidence." In re S.M.S., 196 N.C.App. 170, 172, 675 S.E.2d 44, 45 (2009) (citation omitted).
In the instant case, at the juvenile delinquency hearing, the State presented evidence from Ms. Nguyen, Mr. Wall, Officer Edwards, Officer Walls, Officer Morland, and Officer Modetz. Ms. Nguyen identified the juvenile as one of the three young men who stole her iPhone. Ms. Nguyen recognized his face from when she turned around while he was sitting at the table behind her and also when he was standing near the counter facing her at the Wendy's. While chasing the three young men who stole *28 her iPhone, Ms. Nguyen was able to further observe their clothing. She reported to Officer Edwards and Officer Modetz that the juvenile was wearing a red jacket and possibly a hat and that one of the other young men was wearing gray shorts.
Mr. Wall first saw the juvenile and two other young men walking down the middle of the street close to his car. Minutes later, when Mr. Wall learned the perpetrators had run toward the street where he had just seen the young men, Mr. Wall turned around to look for them. He recognized the three young men again, and they ran. Mr. Wall identified the juvenile in a showup the day of the larceny. Mr. Wall also stated that the juvenile was wearing a red jacket, another young man was wearing gray, and one of the young men had a hat.
The arresting officers, Officer Walls and Officer Morland, testified that the juvenile had a Wendy's spoon in his back pocket despite the juvenile's denial that he had been at Wendy's. Additionally, Officer Morland found two Wendy's receipts in the juvenile's back pocket. The receipts were time-stamped 5:29 p.m. and 5:33 p.m., which is evidence that places the juvenile in Wendy's at the time of the iPhone theft. Officer Walls also testified that the juvenile was wearing a red hoodie jacket.
The State presented substantial evidence that the juvenile was the perpetrator of the larceny, and the trial court considered the evidence in the light most favorable to the State. Therefore, the trial court did not err by denying the juvenile's motion to dismiss.
The juvenile next argues that the trial court erred by failing to make sufficient findings of fact to support his delinquency adjudication. We disagree.
"[A]lleged statutory errors are questions of law [and we review them] de novo. Under the de novo standard, the Court considers the matter anew and freely substitutes its own judgment for that of the lower court." In re A.M., 220 N.C.App. 136, 137, 724 S.E.2d 651, 653 (2012) (quoting State v. Reeves, 218 N.C.App. 570, 576, 721 S.E.2d 317, 322 (2012) ).
Pursuant to N.C. Gen.Stat. § 7B-2411 (2013),
[i]f the court finds that the allegations in the petition have been proved [beyond a reasonable doubt] as provided in G.S. 7B-2409, the court shall so state in a written order of adjudication, which shall include, but not be limited to, the date of the offense, the misdemeanor or felony classification of the offense, and the date of adjudication.
*29 This Court has stated that this statute
does not require the trial court to delineate each element of an offense and state in writing the evidence which satisfies each *433 element, and we recognize that section 7B-2411 does not specifically require that an adjudication order contain appropriate findings of fact, as does section 7B-807, the statute governing orders of adjudication in the abuse, neglect, or dependency context. N.C. Gen.Stat. §§ 7B-807(b), -2411 (2009). Nevertheless, at a minimum, section 7B-2411 requires a court to state in a written order that 'the allegations in the petition have been proved [beyond a reasonable doubt].' N.C. Gen.Stat. § 7B-2411.
In re J.V.J., 209 N.C.App. 737, 740, 707 S.E.2d 636, 638 (2011) (internal quotation marks omitted). Although In re Minor, an unpublished decision, is not binding authority, we find that it is instructive. See 160 N.C.App. 708, --- S.E.2d ----, No. COA03-368, 2003 WL 22388748. This Court, in Minor, found that the trial court made sufficient findings of fact when it found, "beyond a reasonable doubt: ... that the juvenile committed the offense as alleged in the petition filed [3 April 2002] alleging common law robbery and is adjudicated delinquent." 160 N.C.App. at ----, --- S.E.2d at ----, 2003 WL 22388748, at *2. The petition alleged that the juvenile "unlawfully, willfully, and feloniously did steal, take, and carry [a]way [Juan Gonzales's personal property] ... by means of an assault upon him consisting of the forcible and violent taking of the property." Id.
In re Wade is also consistent with disposition of this issue. The order in Wade was reversed because, inter alia, the trial court failed to state that its adjudication was based upon facts that were proved beyond a reasonable doubt. 67 N.C.App. 708, 711, 313 S.E.2d 862, 864-65 (1984) ; see also In re J.J., Jr., 216 N.C.App. 366, 372, 717 S.E.2d 59, 64 (2011) (holding that the trial court did not make sufficient findings of fact when, "[i]nstead of addressing any of the allegations in the petition in the blank space [on the adjudication order], the trial court failed to use the space and made no written findings at all").
In the instant case, as in Minor, the trial court found that the allegations had been proved beyond a reasonable doubt and stated so in its written adjudication order. Specifically, the trial court found that it was proved beyond a reasonable doubt "[t]hat on or about the date of 10-16-2013, the juvenile did unlawfully and willfully steal, take, and carry away a White Apple [iP]hone with a pink and gray otter box case, *30 the personal property of [Ms.] Nguyen having a value of $300.00." N.C. Gen.Stat. § 7B-2411 does not require any additional findings of fact to support the adjudication order. Therefore, the trial court made sufficient findings of fact to support the juvenile's adjudication of delinquency for misdemeanor larceny.
In conclusion, the trial court heard and considered the State's evidence, including testimony from Ms. Nguyen, Mr. Wall, and four police officers; narratives of the events at Wendy's; the location of the young men after the iPhone theft; the description of the young men involved; and the items found on the juvenile when arrested. The trial court made findings of fact that comply with N.C. Gen.Stat. § 7B-2411. This was sufficient evidence of the larceny to support the delinquency adjudication and find that the juvenile was the perpetrator of the larceny. Therefore, the trial court properly denied the juvenile's motion to dismiss. We affirm the trial court's denial of the juvenile's motion to dismiss and the order adjudicating the juvenile as delinquent for misdemeanor larceny.
AFFIRMED.
Chief Judge McGEE and Judge McCULLOUGH concur.