IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-100

Filed 19 September 2023

Surry County, No. 22 JB 85

IN THE MATTER OF: N.M.

Appeal by Defendant from an order entered 23 August 2022 by Judge William F. Southern, III in Surry County District Court. Heard in the Court of Appeals 23 August 2023.

*Attorney General Joshua H. Stein, by Assistant Attorney General Melissa K. Walker, for the State.*

*Appellant Defender Glenn Gerding, by Assistant Appellate Defender David S. Hallen, for the juvenile appellant.*

WOOD, Judge.

John Bailey[1] (the "juvenile") appeals the trial court's disposition order placing him on probation for twelve months following the trial court adjudicating him delinquent for simple assault. We vacate the disposition order and remand for a new disposition hearing in accordance with N.C. Gen. Stat. § 75-2501(c).

## I. **Factual and Procedural History**

On 3 May 2022, the juvenile and Michael Anderson ("Anderson") engaged in a physical altercation over seating on a school bus. The parties have a history of conflict

---

[1] Pseudonyms are used to protect the identity of the juveniles pursuant to N.C. R. App. P. 42(b).

over who sits where on the bus. Approximately one week prior to the incident in this case, Anderson warned the juvenile "if [you] pull me out of the seat again, I will do something about it." At the adjudication hearing, testimony conflicted as to whether seats were assigned by the school or were considered "assigned" by the students who customarily sat in a particular seat. The juvenile testified he asked Anderson to leave his seat, but Anderson did not move. Anderson testified the juvenile just walked up to him, and Anderson assumed he was there to take his seat again. Anderson kicked the juvenile in his lower stomach or groin area. The juvenile then punched Anderson on or around his head approximately ten times.

The school resource officer reviewed the video and called Anderson into his office to have him explain what happened. Subsequently, a juvenile petition charging the juvenile with misdemeanor assault was filed on 6 May 2022. The adjudication and disposition hearings were held in immediate succession on 23 August 2022. A video of the incident recorded by the bus cameras was presented at the adjudication hearing. The trial court adjudicated the juvenile delinquent for the offense of simple assault. The trial court then proceeded to the disposition hearing wherein it entered a Level 1 Disposition placing the juvenile on probation for twelve months and ordering him to participate in and complete various programs and conditions.

The juvenile appealed pursuant to N.C. Gen. Stat. § 7B-2602.

## II. **Standard of Review**

The juvenile argues the trial court erred in entering the disposition order and that it must be vacated because the trial court failed to comply with the requirements of N.C. Gen. Stat. § 7B-2501(c). "Whether the trial court properly complied with its statutory duty to make findings is a question of law to be reviewed *de novo*." *Matter of J.D.*, 267 N.C. App. 11, 19, 832 S.E.2d 484, 490 (2019). "Under the *de novo* standard, the Court considers the matter anew and freely substitutes its own judgment for that of the lower court." *In re A.M.*, 220 N.C. App. 136, 137, 724 S.E.2d 651, 653 (2012).

## III. **Discussion**

Pursuant to N.C. Gen. Stat. § 7B-2501(c), the court is required to select a disposition that is designed to protect the public and to meet the needs and best interests of the juvenile based upon:

> (1) The seriousness of the offense;
>
> (2) The need to hold the juvenile accountable;
>
> (3) The importance of protecting the public safety;
>
> (4) The degree of culpability indicated by the circumstances of the particular case; and
>
> (5) The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.

N.C. Gen. Stat. § 7B-2501(c) (2023).

This Court has held "the trial court is required to make findings demonstrating that it considered the [N.C. Gen. Stat.] § 7B-2501(c) factors in a dispositional order

entered in a juvenile delinquency matter." *In re V.M.*, 211 N.C. App. 389, 391–92, 712 S.E.2d 213, 215 (2011). "The plain language of Section 7B-2501(c) compels us to find that a trial court must consider each of the five factors in crafting an appropriate disposition." *Matter of I.W.P.*, 259 N.C. App. 254, 261, 815 S.E.2d 696, 702 (2018).

The juvenile alleges the trial court failed to properly consider and apply the five factors identified in the statute prior to determining his disposition and failed to issue a written order indicating the consideration of these factors. The juvenile argues this constitutes reversible error. We agree.

Here, the trial court received into evidence a predisposition report, risk assessment, and needs assessment from the juvenile court counselor as well as a Youth Assessment and Screening Instrument (YASI) full narrative assessment which contained much information from which the trial court could have made the necessary findings required by N.C. Gen. Stat. § 7B-2501(c). However, the trial court did not make any written finding regarding the five factors as required. The court used the preprinted Juvenile Level 1 Disposition Order form and checked the boxes finding that it received, considered, and incorporated by reference the predisposition report, risk assessment, and needs assessment; however, the trial court made no independent findings. The section titled "Other Findings" was left blank. The State agrees with the juvenile—and concedes—that checking the boxes indicating the trial court received, considered, and incorporated by reference the predisposition report, risk assessment, and needs assessment was insufficient under N.C. Gen. Stat. § 7B-

2501(c).

This case is similar to *In re V.M.* wherein "the trial court checked boxes [on the disposition order,] indicating that it had received, considered, and incorporated by reference the predisposition report, risk assessment, and needs assessment." 211 N.C. App. at 392, 712 S.E.2d at 215. However, the disposition order did not contain any "additional findings of fact, including in the area designated as 'Other Findings,' " which lists the same factors contained in N.C. Gen. Stat. § 7B-2501(c). *Id.* at 392, 712 S.E.2d at 215–16. This Court "reverse[d] the trial court's dispositional order and remand[ed] th[e] matter for a new dispositional hearing." *Id.* at 392, 712 S.E.2d at 216; *see also Matter of J.A.D.*, 283 N.C. App. 8, 24–25, 872 S.E.2d 374, 387–88 (2022) (remanding for further findings because the trial court did not make findings addressing the N.C. Gen. Stat. § 7B-2501(c) factors).

Although the information regarding the statutory factors may be included in the reports given to the court by the juvenile court counselor and may have been considered by the trial court, the trial court is vested with the responsibility of making oral and written findings showing its consideration of the five factors contained in N.C. Gen. Stat. § 7B-2501(c). The Level 1 Juvenile Disposition Form includes a note to the trial court under "Other Findings" to remind the trial court of the findings that must be made:

> NOTE: State any findings regarding the seriousness of the offense(s); the need to hold the juvenile accountable: the importance of protecting the public, the degree of the

juvenile's culpability; the juvenile's rehabilitative and treatment needs; and available and appropriate resources. Also use this space for any findings that are required to support a particular disposition, such as a finding of the juvenile's ability to pay if the Court is ordering restitution.

This section must be filled with findings made by the trial court regarding the five factors required by the statute, otherwise it is reversible error.

## IV. Conclusion

Because the trial court must make findings addressing the statutory factors in N.C. Gen. Stat. § 7B-2501(c), we vacate the disposition order and remand for a new dispositional hearing and entry of an order that includes written findings showing its consideration of the five factors contained in N.C. Gen. Stat. § 7B-2501(c). *In re V.M.*, 211 N.C. App. at 392, 712 S.E.2d at 216; *Matter of J.A.D.*, 183 N.C. App. at 24–25, 872 S.E.2d at 387–88.

VACATED AND REMANDED.

Judges DILLON and ZACHARY concur.