IN RE JOHN R. FERRELL, Juvenile

No. COA02-1617

(Filed 6 January 2004)

**Juveniles— disposition order—findings insufficient**

A juvenile disposition order changing custody from the mother to the father was not supported by appropriate findings and was remanded.

Appeal by Juvenile from the order entered 30 July 2002 by Judge Theodore S. Royster in District Court, Davidson County. Heard in the Court of Appeals 7 October 2003.

*Susan J. Hall, for juvenile-appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General J. Philip Allen, for the State.*

WYNN, Judge.

From an adjudication of delinquency, the juvenile appeals from that part of the Disposition Order removing him from the custody of his mother and placing him in the custody of his father. Because we hold that the trial court failed to make findings of fact to support the change of custody, we set aside that part of the order and remand this matter to the trial court for further consideration on the issue of custody.

In August 2002, upon his admission of the charged offense of assault inflicting serious injury, the trial court adjudicated the juvenile as delinquent. At the time of the incident, the juvenile lived with his mother in Denton, North Carolina. The juvenile's biological father also lived in Denton, but the juvenile had not seen or spoken to his father since February of 2002 because of an alleged "falling out" with him.

At the hearing, the trial court reviewed a needs assessment report indicating the juvenile was at or above grade level, suspended three times, received eleven warnings and reprimands, and missed forty days[1] of class during his seventh grade year. The trial court questioned whether the father could do a better job getting the juvenile to

---

1. Twenty-one of the absences were excused absences.

school by putting the following questions to the juvenile court counselor, Tony Renegar:

THE COURT: It doesn't look like the mother has done a very good job if he missed 40 absences.

UNIDENTIFIED
INDIVIDUAL: May I speak?

THE COURT: No, ma'am.

MR. RENEGAR: As far as the suitability of his father to provide a more structured environment, I'm not familiar with his father, I don't have enough information to make that recommendation. I've never met the father . . . One thing I would say in regards to school attendance . . . we make the referral to Family Services . . . [t]hey have after school programs [and] a structured day program.

After asking the juvenile's estranged father whether he was prepared to accept responsibility for his son, the trial judge stated and ordered:

I think we need to get his [the Juvenile's] attention . . . I mean a fight is one thing but missing 40 days of school. I don't know why they didn't prosecute the mama in criminal court. I get them in from of me all the time when I'm in criminal court. Okay, Madam Clerk, right or wrong, good or indifferent, I'm going to go under 7B-2506(1)b, I'm going to place the juvenile in the custody of his father for twelve months.

On appeal, the mother and juvenile argue that the trial court abused its discretion in failing to make findings of fact in the dispositional order supporting the change of custody. We agree.

Although the trial court has discretion under N.C. Gen. Stat. § 7B-2506 (2001) in determining the proper disposition for a delinquent juvenile, *see In re Hartsock*, 158 N.C. App. 287, 580 S.E.2d 395, 398-99 (2003),

the trial court shall select a disposition that is designed to protect the public and to meet the needs and best interests of the juvenile, based upon:

(1) The seriousness of the offense;

(2) The need to hold the juvenile accountable;

(3) The importance of protecting public safety;

(4) The degree of culpability indicated by the circumstances of the particular case; and

(5) The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.

N.C. Gen. Stat. § 7B-2501(c). Moreover, "in choosing among statutorily permissible dispositions, the court shall select the most appropriate disposition both in terms of kind and duration for the delinquent juvenile." N.C. Gen. Stat. § 7B-2501(c). "The dispositional order shall be in writing and shall contain *appropriate* findings of fact and conclusions of law." N.C. Gen. Stat. § 7B-2512 (emphasis supplied).

In this case, the findings of fact in the dispositional order do not support the trial court's decision to transfer custody of the juvenile from the mother to the father. Furthermore, the evidence in the record fails to support finding that placement with the father would be in the juvenile's best interests. Indeed, the record indicates the juvenile had no contact with his father for approximately seven to eight months immediately prior to the assault for which the juvenile was on trial. Further, the court counselor did not recommend placement with the father and instead advised the court to utilize Family Services if the juvenile needed more structure during the day: "As far as the suitability of his father to . . . I've never met the father. One thing I would say in regards to school attendance . . . we make the referral to Family Services . . . [t]hey have after school programs [and] a structured day program."

From the record, it appears that trial court based the decision to award custody to the father solely on the juvenile's school absences. It is significant to note that the trial court made more extensive findings of fact in his August 19 order denying the juvenile's motion to reconsider the custody transfer, but those findings do not cure the dispositional order at issue today.

Since the transfer of custody was not supported by appropriate findings of fact in the dispositional order, we set aside that part of the trial court's order changing custody of the juvenile from his mother to his father.

Remanded.

Judges TYSON and LEVINSON concur.