IN THE MATTER OF: A.J.M.-B. (Juvenile).
No. COA09-532.
Court of Appeals of North Carolina.
Filed December 22, 2009.
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Amy Bircher, for the State.
Mercedes O. Chut, for juvenile-appellant.
STROUD, Judge.
The juvenile A.J.M.-B. ("Alex[1]") appeals from the dispositional order committing him to a Youth Development Center ("YDC") for a minimum period of six months, and thereafter an indefinite commitment. We affirm the trial court's order.
On 18 April 2008, Alex was adjudicated delinquent for two counts of felony breaking and entering and two counts of felony larceny after breaking and entering. On 6 June 2008, a Level 2 disposition for a serious offense was entered, and Alex was placed on probation for a period of one year.
On 22 October 2008, a juvenile petition was filed alleging Alex had committed simple assault. Also, on 12 November 2008, a motion for review was filed alleging Alex violated the terms and conditions of his probation by receiving a new charge, associating with his co-defendant, and not abiding by the rules of his parent. Both matters were heard on 5 December 2008. The trial court found that based on the evidence presented, it was proven beyond a reasonable doubt that Alex committed simple assault and violated the terms and conditions of his probation. At disposition, the trial court entered a Level 3 disposition and committed Alex to a YDC for a minimum period of six months, and thereafter an indefinite commitment. Alex appeals from the final dispositional order, but does not challenge the adjudication for the simple assault and probation violation.
Alex first argues that the trial court erred in entering certain findings of fact where the record does not contain sufficient evidence to support them.
"The findings must be supported by some evidence in the record." In re Bullabough, 89 N.C. App. 171, 184, 365 S.E.2d 642, 649 (1988) (citation omitted). In this case, Alex challenges the following findings:
The Court finds beyond a reasonable doubt that. . . reasonable alternatives have been attempted with no success. There are no other alternative placements for the juvenile. . . . There are no other less intrusive alternatives other than commitment to the Youth Department of Corrections.
. . . .
No other services are available. Juvenile continues to fail to understand the seriousness of the offenses and the consequences thereof. Based upon his history and the violent tendencies exhibited by the juvenile, there are no other less restrictive, appropriate available services.
Here, the evidence tended to show that home-based services were attempted with Alex. Ms. Brandy Ledbetter, the home-based worker, testified that Alex did not cooperate with home-based services. Ms. Ledbetter testified that Alex would curse her and the interpreter, throw objects, and pushed his mother in front of her. She further testified that Alex would sometimes not show up for appointments. Alex's juvenile court counselor, Ms. Kelly Stoy, testified that certain services were not available to Alex because he did not have a valid social security number. Therefore, a request was made to Eckerd Wilderness Camp but that request was denied citing Alex's severe aggression. Officer V.T. Clark, the school resource officer, testified that Alex admitted assaulting the juvenile victim "[b]ecause [he] wanted to." Furthermore, Alex's mother testified that Alex leaves the home for two to three days, and hits her and the other children at home. We find there was sufficient evidence in the record to support the challenged findings of fact.
Next, Alex argues that the trial court's order fails to comply with N.C. Gen. Stat. § 7B-2512 (2007). Specifically, Alex contends that the order does not contain adequate findings of fact to support the conclusion that commitment to a YDC is the most appropriate disposition, because the findings do not show that the trial court considered the mandatory requirements of N.C. Gen. Stat. § 7B-2501(c).
The trial court has discretion in determining the proper disposition for a delinquent juvenile. In re Ferrell, 162 N.C. App. 175, 176, 589 S.E.2d 894, 895 (2004). In making that determination, the trial court shall select a disposition that is designed to protect the public and to meet the needs and best interests of the juvenile, based upon:
(1) The seriousness of the offense;
(2) The need to hold the juvenile accountable;
(3) The importance of protecting the public safety;
(4) The degree of culpability indicated by the circumstances of the particular case; and
(5) The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.
N.C. Gen. Stat. § 7B-2501(c) (2007). Moreover, "[t]he dispositional order shall be in writing and shall contain appropriate findings of fact and conclusions of law." N.C. Gen. Stat. § 7B-2512 (2007). Nothing in N.C. Gen. Stat. § 7B-2512 and N.C. Gen. Stat. § 7B-2501(c) mandates that the dispositional order contain specific findings of fact addressing each and every factor set forth in N.C. Gen. Stat. § 7B-2501(c).
In this case, the trial court's order indicates that it considered the evidence of Alex's "history and violent tendencies[,]" and concluded commitment was warranted. "Absent an abuse of discretion, we will not disturb the trial court's choice." In re Robinson, 151 N.C. App. 733, 737, 567 S.E.2d 227, 229 (2002). "An abuse of discretion occurs when the trial court's ruling `is so arbitrary that it could not have been the result of a reasoned decision.'" Id. (citations and quotation marks omitted).
We find that the trial court's decision was the result of a reasoned decision. Moreover, we cannot conclude that the trial court's order failed to comply with N.C. Gen. Stat. § 7B-2512. Accordingly, the trial court's order is affirmed.
Affirmed.
Judges WYNN and CALABRIA concur.
Report per Rule 30(e).
NOTES
[1] We will refer to the minor child A.J.M.-B. by the pseudonym Alex to protect the child's identity and for ease of reading.