**IN RE V.M.**

[211 N.C. App. 389 (2011)]

IN THE MATTER OF: V.M.

No. COA10-1558

(Filed 19 April 2011)

**Juveniles— disposition order—required findings**

A juvenile disposition order was remanded where the order did not demonstate that the court considered the factors listed in N.C.G.S § 7B-2501.

Appeal by juvenile from orders entered 7 May 2010 and 27 August 2010 by Judge C. Thomas Edwards in Catawba County District Court. Heard in the Court of Appeals 11 April 2011.

*Roy Cooper, Attorney General, by Jennifer M. Jones, Assistant Attorney General, for the State.*

*Peter Wood, for juvenile–appellant.*

MARTIN, Chief Judge.

Juvenile V.M. ("the juvenile") appeals from the trial court's 7 May 2010 adjudication order and 27 August 2010 dispositional order. The juvenile argues that the trial court erred by imposing a Level 3 disposition without making sufficient findings of fact to demonstrate that it considered the factors listed in N.C.G.S. § 7B-2501(c). We agree, and reverse the trial court's dispositional order and remand the matter for a new dispositional hearing.

On 15 January 2010, the trial court adjudicated the juvenile delinquent of felonious larceny, based on the juvenile's admission. The terms of the juvenile's admission provided that the State would dismiss one count of felonious breaking or entering and two counts of simple assault. On the same date, the trial court entered a Level 2 disposition and placed the juvenile on probation for 12 months.

In March 2010, three new delinquency petitions were filed against the juvenile for felonious larceny of a debit card, disorderly conduct, and simple affray. On 23 March 2010, Court Counselor David A. Hughey filed a motion for review of the juvenile's probation. In the motion, Mr. Hughey alleged that the juvenile had violated his probation due to the petition alleging that the juvenile committed disorderly conduct and that the juvenile had been suspended from school on two occasions and had three unexcused absences from school.

On 7 May 2010, the juvenile signed another transcript of admission, in which the juvenile admitted to the probation violation and to the new misdemeanor charges of public disturbance and simple affray. In return for the juvenile's admissions, the State agreed to dismiss the petition for felonious larceny. The juvenile also indicated that he understood that a Level 3 disposition could be imposed given his delinquency history level, and that such a level was the most restrictive disposition possible.

The matter came on for disposition on 27 August 2010. Mr. Hughey informed the trial court that the juvenile was eligible for confinement to a youth development center. The trial court then stated:

> [The juvenile] has five delinquency history points; is that right? And he's (inaudible) by his (inaudible) disposition of the probation violation and the misdemeanor offenses; is that correct, Mr. Hughey?
>
> . . . .
>
> Madame Clerk, I'll incorporate the Office of Juvenile Justice—what's the—is the felony larceny the most—what's the most—

Mr. Hughey informed the trial court that the juvenile was currently on probation for felonious larceny, and the trial court confirmed that the larceny charge was the most serious charge that the juvenile was facing. In open court, the trial court ordered that the juvenile be confined to a youth development center until his eighteenth birthday.

The trial court entered a Juvenile Level 3 Disposition and Commitment Order based on the juvenile's probation violation. In that order, the trial court checked a box indicating that it found that "[t]he juvenile has been adjudicated for a violent or serious offense and Level III is authorized by G.S. 7B-2508." The trial court also checked boxes indicating that it had received, considered, and incorporated by reference the predisposition report, risk assessment, and needs assessment. The written order provided that the juvenile was to be confined to a youth development center for an indefinite commitment. The juvenile gave written notice of appeal on 2 September 2010.

On appeal, the juvenile's sole contention is that the trial court failed to make sufficient findings of fact in its Juvenile Level 3 Disposition and Commitment Order to demonstrate that it considered

**IN RE V.M.**

[211 N.C. App. 389 (2011)]

the factors listed in N.C.G.S. § 7B-2501(c). The State concedes that the instant case is indistinguishable from prior cases in which we have reversed similar dispositional orders when the trial court failed to make such findings.

At the outset, we note that we have previously held that juvenile probation revocation proceedings are dispositional, and subject to the statutory provisions governing juvenile delinquency dispositions. *In re D.J.M.*, 181 N.C. App. 126, 130-31, 638 S.E.2d 610, 613 (2007); *In re O'Neal*, 160 N.C. App. 409, 412-13, 585 S.E.2d 478, 481-82, *disc. review denied*, 357 N.C. 657, 590 S.E.2d 270 (2003). Accordingly, a juvenile dispositional order entered after a probation revocation "shall be in writing and shall contain appropriate findings of fact and conclusions of law." N.C. Gen. Stat. § 7B-2512 (2009).

If the trial court finds that the juvenile has violated the conditions of his probation:

> [T]he court may continue the original conditions of probation, modify the conditions of probation, or, except as provided in subsection (f) of this section, order a new disposition at the next higher level on the disposition chart in G.S. 7B-2508. In the court's discretion, part of the new disposition may include an order of confinement in a secure juvenile detention facility for up to twice the term authorized by G.S. 7B-2508.

N.C. Gen. Stat. § 7B-2510(e) (2009). In considering the dispositional options outlined in N.C.G.S. § 7B-2508, however, the trial court must consider the following factors:

(1) The seriousness of the offense;

(2) The need to hold the juvenile accountable;

(3) The importance of protecting the public safety;

(4) The degree of culpability indicated by the circumstances of the particular case; and

(5) The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.

N.C. Gen. Stat. § 7B-2501(c) (2009).

Further, we have previously held that the trial court is required to make findings demonstrating that it considered the N.C.G.S. § 7B-2501(c)

. **IN RE V.M.**

[211 N.C. App. 389 (2011)]

factors in a dispositional order entered in a juvenile delinquency matter. *In re Ferrell,* 162 N.C. App. 175, 177, 589 S.E.2d 894, 895 (2004).

In this case, the trial court's dispositional order does not contain findings addressing the N.C.G.S. § 7B-2501(c) factors. In the pre-printed portions of the dispositional order, the trial court found that the juvenile had previously been given a Level 2 disposition on 15 January 2010, had been placed on probation, and had violated the terms of his probation. As we indicated above, the trial court checked boxes indicating that it had received, considered, and incorporated by reference the predisposition report, risk assessment, and needs assessment, and that "[t]he juvenile has been adjudicated for a violent or serious offense and Level III is authorized by G.S. 7B-2508."

The trial court's order contains no additional findings of fact, including in the area designated as "Other Findings," which includes the following instructions:

> (Continue on attached pages if necessary. State any findings regarding the seriousness of the offense(s); the need to hold the juvenile accountable; the importance of protecting the public; the degree of the juvenile's culpability; the juvenile's rehabilitative and treatment needs; and available and appropriate resources.)

The trial court did not attach any additional findings of fact to its order demonstrating that it considered the seriousness of the offense, the need to hold the juvenile accountable, the importance of protecting the public, the degree of the juvenile's culpability, the juvenile's reha-bilitative and treatment needs, or the available and appropriate resources. As such, we hold the trial court's written order contains insufficient findings to allow this Court to determine whether it prop-erly considered all of the factors required by N.C.G.S. § 7B-2501(c). For that reason, we must reverse the trial court's dispositional order and remand this matter for a new dispositional hearing.

Reversed and remanded.

Judges ELMORE and GEER concur.