IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-323

Filed 21 November 2023

Rockingham County, No. 19JB109

IN RE: A.G.J.

Appeal by juvenile-defendant from order entered 19 September 2022 by Judge

Christopher Freeman in Rockingham County District Court.  Heard in the Court of

Appeals 19 September 2023.

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Katy Dickinson-Schultz, for juvenile-appellant.*

> *Attorney General Joshua H. Stein, by Assistant Attorney General Bettina J. Roberts, for the State.*

FLOOD, Judge.

Juvenile-Defendant, A.G.J. ("Annie"),[1] appeals from the trial court's 19

September 2022 disposition order, arguing the trial court erred by failing to include

written findings demonstrating it considered the factors listed in N.C. Gen. Stat. §

7B-2501(c) (2021).  For the reasons that follow, we agree.

## I. **Factual and Procedural Background**

On 6 June 2020, juvenile petitions against Annie were approved for filing by

regarding the minor's mother's conviction for second-degree murder because, the

---

[1] Pseudonym used to protect the identity of the juvenile and for ease of reading.

Chief Court Counselor for Rockingham County District Court for simple affray and unauthorized use of a motor vehicle. The petition alleging simple affray was based on an incident that occurred on 10 November 2021, where Annie and another schoolmate were in a physical altercation in the school cafeteria. During the altercation, Annie and her schoolmate both punched each other with closed fists. The petition alleging unauthorized use of a motor vehicle stemmed from an incident on 15 May 2022 where Annie took her adoptive mother's car without permission.

An adjudication hearing was held on 8 August 2022. At the adjudication hearing, Annie admitted fault to both charges and was adjudicated as a delinquent juvenile.

On 19 September 2022, a disposition hearing was held. Following the disposition hearing, Annie was sentenced to twelve months' probation and placed in the custody of Rockingham Department of Social Services. On 28 September 2022, Annie filed timely notice of appeal.

## II. <u>Jurisdiction</u>

While Annie filed timely notice of appeal, her attorney failed to indicate the court to which she was appealing. Under the North Carolina Rules of Appellate Procedure, a notice of appeal is required to specify "the court to which appeal is taken[.]" N.C.R. App. P. 3(d). Rule 3(d) is a jurisdictional rule, and failure to comply is a jurisdictional default mandating dismissal. *See Dogwood Dev. and Mgmt. Co., LLC v. White Oak Transp. Co., Inc.*, 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008) ("A

jurisdictional default, therefore, precludes the appellate court from acting in any manner other than to dismiss the appeal.").

To cure this procedural defect, Annie has filed a Petition for Writ of Certiorari ("PWC") pursuant to North Carolina Rule of Appellate Procedure 21(a)(1). This Court "maintains broad jurisdiction to issue writs of certiorari[.]" *In re R.A.F.*, 384 N.C. 505, 507, 886 S.E.2d 159, 161 (2023). The issuance of a writ is generally supported where "the right of appeal has been lost through no fault of the petitioner[.]" *In re Z.T.W.*, 238 N.C. App. 365, 368, 767 S.E.2d 660, 663 (2014); *see also State v. Hammonds*, 218 N.C. App. 158, 163, 720 S.E.2d 820, 823 (2012) (issuing a writ where it was "readily apparent that [the] defendant has lost his appeal through no fault of his own, but rather as a result of sloppy drafting of counsel").

Here, Annie's counsel's failure to include a designation as to which court the appeal was being made was not Annie's fault. As such, this Court elects to allow Annie's PWC and review her claim on the merits. *See Hammonds*, 218 N.C. App. at 163, 720 S.E.2d at 823.

## III. <u>Analysis</u>

This Court reviews a trial court's "alleged statutory errors *de novo*." *In re K.C.*, 226 N.C. App. 452, 462, 742 S.E.2d 239, 246 (2013). "Under a *de novo* review, [this] [C]ourt considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011) (citation and internal quotation marks omitted).

"The dispositional order shall be in writing and shall contain appropriate findings of fact and conclusions of law." N.C. Gen. Stat. § 7B-2512(a) (2021). "Appropriate findings of fact" are those that consider the following:

> In choosing among statutorily permissible dispositions, the court shall select the most appropriate disposition in both terms of kind and duration for the delinquent juvenile. Within the guidelines set forth in [N.C. Gen. Stat. §] 7B-2508, the court shall select a disposition that is designed to protect the public and to meet the needs and best interests of the juvenile based upon:
>
> (1) The seriousness of the offense;
> (2) The need to hold the juvenile accountable;
> (3) The importance of protecting the public safety;
> (4) The degree of culpability indicated by the circumstances of the particular case; and
> (5) The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.

N.C. Gen. Stat. § 7B-2501(c) (2021).

At the outset, we note that "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same [C]ourt is bound by that precedent, unless it has been overturned by a higher court." *State v. Davis,* 198 N.C. App. 443, 447, 680 S.E.2d 239, 243 (2009). This Court's precedents have made it clear that the trial court is required to make written findings in a disposition order entered in a juvenile delinquency matter, demonstrating it considered *all* the factors in Section 7B-2501(c). *See In re J.J.*, 216 N.C. App. 366, 375, 717 S.E.2d 59, 65 (2011) (finding error when the trial court did not make any written findings of fact); *see also In re V.M.*, 211 N.C. App. 389, 391–92, 712 S.E.2d

213, 215 (2011) (reversing the trial court's disposition order for failure to properly consider *all* of the factors required); *In re I.W.P.*, 259 N.C. App. 254, 261, 815 S.E.2d 696, 702 (2018) ("The plain language of Section 7B-2501(c) compels us to find that a trial court must consider each of the five factors in crafting an appropriate disposition."). "The purpose of the requirement that the [trial] court make findings of those specific facts which support its ultimate disposition . . . [is] to allow a reviewing court to determine . . . whether the judgment and the legal conclusions which underlie it represent a correct application of the law." *In re W.M.C.M.*, 277 N.C. App. 66, 77, 857 S.E.2d 875, 881 (2021) (first and third alteration added) (citation omitted).

We recently reaffirmed this proposition in *In re N.M.*, COA23-100, 2023 WL 6066497 (N.C. Ct. App. Sept. 19, 2023). In *In re N.M.*, the trial court used a pre-printed disposition order and checked the box noting it considered the predisposition report, risk assessment, and needs assessment. *Id.* at *2. The trial court did not make any other written findings of fact. *Id.* at *2. This Court concluded that, while the factors may be included in the reports, the trial court has the responsibility to make written findings of fact showing it considered the factors in Section 7B-2501(c). *Id.* at *3 (holding the "[other findings] section must be filled with findings made by the trial court regarding the five factors required by the statute, otherwise it is reversible error").

In this case, Annie argues the trial court failed to consider all of the factors and

make relevant findings of fact when entering the disposition order. We agree.

In the pre-printed disposition order filed by the trial court, it found Annie had been given a Class I disposition on 19 September 2022; checked the box noting Annie's juvenile delinquency history level was low; and checked the boxes noting it had received, considered, and incorporated the contents of the predisposition report, risk assessment, and needs assessment. Then, in the section of the pre-printed dispositional order labeled "other findings," the trial court added the following:

> Based on the evidence, the [trial court] make [sic] the following findings of fact: [Annie] appeared in court late. Her counsel and adoptive mother were present. The [trial court] had to withdraw a secure custody order after [Annie] appeared in court late. The adoptive mother stated that she had no contact with [Annie] for an extended period of time and there were allegations of [Annie] being involved in drug activity. The adoptive mother has other juveniles in her home and refuses for [Annie] to return to her home until she is enrolled in some type of drug counseling. It is impossible to do this instantaneously, therefore, [Annie] is left without a place to go. Additionally, counsel for [Annie] indicated that [Annie] is unwilling to return to the adoptive mother's home. Pursuant to statute, the [trial c]ourt changes custody of [Annie[ from [her] adoptive mother to Rockingham County Department of Social Services.

As in *In re N.M.*, incorporating the reports by reference is insufficient to meet the statutory requirements set forth in Section 7B-2501(c). *See In re N.M.* at *2. Further, we fail to see how the "other findings" detailed above show the trial court considered the five factors in Section 7B-2501(c). The written findings the trial court made do not relate to the offenses detailed in the petitions, but seem to solely relate

to Annie's difficulties with her living situation. We also fail to see, as the dissent posits, how the "other findings" detailed above show Annie's culpability. The Record shows Annie and another female schoolmate were in a physical altercation in the school cafeteria where they both punched each other with closed fists. Even though Annie admitted fault at the adjudication hearing, the trial court did not indicate that it took into account the other girl's role in the altercation, to demonstrate to this Court that it considered Annie's culpability when sentencing her to twelve months' probation. *See* N.C. Gen. Stat. § 7B-2501(c)(4).

We note this Court has given a more deferential reading of disposition orders in the past. *See In re I.W.P.*, 259 N.C. App. at 264, 815 S.E.2d at 704 (concluding the trial court addressed in the disposition order (1) the need to hold the juvenile accountable by imposing a twelve-month probationary sentence; and (2) the importance of protecting public safety and the rehabilitative needs of the juvenile by imposing probationary conditions). Given our more recent decision in *In re N.M.*, however, we decline to give the disposition order in the instant case such a deferential interpretation, as doing so would render the requirement that a trial court make written findings meaningless. *See In re N.M.* at *3.

For this same reason, we also decline to conclude, as the State argues we should, that the designation of the offense as a "Class 1 misdemeanor" shows the trial court considered "the seriousness of the offense." This alone does not show this Court that the trial court considered the seriousness of the offense; it merely shows the trial

court knew the classification of the offense.

Without written findings addressing the factors in Section 7B-2501(c), the disposition order is deficient and constitutes "reversible error." *See In re N.M.* at *3.

## IV. <u>Conclusion</u>

We conclude the trial court failed to make written findings of fact showing it considered the factors set forth in N.C. Gen. Stat. § 7B-2501(c). Accordingly, we vacate the disposition order and remand for a new disposition hearing and entry of an order that includes findings of fact addressing all of the required factors.

VACATED AND REMANDED.

Judge MURPHY concurs.

Chief Judge STROUD dissents in separate writing.

No. COA23-323 – *In re: A.G.J.*

STROUD, Chief Judge, dissenting.

Because the trial court's disposition order demonstrates the trial court considered and made findings addressing each of the factors as required by North Carolina General Statute Section 7B-2501(c), and the order is fully sufficient to allow for proper appellate review, I dissent. We review orders based upon their substance, not technical form. *See In re A.U.D.,* 373 N.C. 3, 11, 832 S.E.2d 698, 703 (2019) (noting a remand for findings on uncontested issues would elevate "form over substance and would serve only to delay the final resolution of this matter for the children"). Trial courts are not required by North Carolina General Statute Section 7B-2501(c) to follow a specific format or wording for their findings of fact. *See generally* N.C. Gen. Stat. § 7B-2501(c)*; see generally also In re D.E.P.*, 251 N.C. App. 752, 758, 796 S.E.2d 509, 513 (2017) ("*Ferrell* did *not* address the degree to which a court's findings must specifically reflect consideration of the factors listed in N.C. Gen. Stat. § 7B-2501(c), and did *not* set out any rule regarding this issue." (emphasis in original)).

Here, the trial court's disposition order demonstrates full consideration of each factor in North Carolina General Statute section 7B-2501(c). Therefore, while I agree with the facts as laid out by the majority, I write separately to address the majority's

misplaced reliance on *In re: N.M.*, ___ N.C. App. ___, 892 S.E.2d 643 (2023). Because I conclude the trial court made sufficient findings of fact to satisfy North Carolina General Statute Section 7B-2501(c), I would affirm.

## I. North Carolina General Statute Section 7B-2501(c)

The issue of what is required to satisfy North Carolina General Statute Section 7B-2501(c) has been addressed in many prior published cases, including *In re I.W.P.*, which noted:

> In fact, this Court has previously held the trial court must consider each of the factors in Section 7B-2501(c). *See In re Ferrell*, 162 N.C. App. 175, 177, 589 S.E.2d 894, 895 (2004); *In re V.M.*, 211 N.C. App. 389, 391-92, 712 S.E.2d 213, 215 (2011); *K.C.*, 226 N.C. App. 452, 462, 742 S.E.2d 239, 246; and *In re G.C.*, 230 N.C. App. 511, 519, 750 S.E.2d 548, 553 (2013). However, this Court recently held, contrary to precedent, that the trial court does not need to consider all of the Section 7B-2501(c) factors when entering a dispositional order. *In re D.E.P.*, ___ N.C. App. ___, ___, 796 S.E.2d 509, 514 (2017). This inconsistency has created a direct conflict in this Court's prior jurisprudence and must be reconciled.

*In re I.W.P.*, 259 N.C. App. 254, 261–62, 815 S.E.2d 696, 703 (2018). The main question in the cases cited in *I.W.P.* is generally how much detail the trial court must include in the findings of fact and the extent of the trial court's reliance on incorporation by reference of reports and other documents into the order. *See id.* Prior cases addressing Section 7B-2501(c) tend to fall into three groups, based upon the characteristics of the order on appeal.

**A. Orders with No Additional Findings**

In the first category of cases, this Court has generally remanded for further findings of fact because the trial court made no additional findings of fact, whether by incorporation of documents or not. *See, e.g.*, *In re J.J., Jr.*, 216 N.C. App. 366, 376, 717 S.E.2d 59, 66 (2011) (vacating and remanding in part, without mention of incorporation, due to the trial court's failure "to state any written findings of fact"); *In re V.M.*, 211 N.C. App. 389, 392, 712 S.E.2d 213, 215-16 (2011) (reversing and remanding because documents were incorporated by reference but "no additional findings of fact" were made). *J.J., Jr.* and *V.M.* indicate that while incorporation by reference of additional documents is allowed, the trial court must make some additional findings of fact which indicate the trial court exercised its own discretion and reasoning upon the case. *See J.J., Jr.*, 216 N.C. App. at 376, 717 S.E.2d at 66; *V.M.*, 211 N.C. App. at 392, 712 S.E.2d at 215-16.

## B. Orders with Some Findings of Fact

In the second category of cases, this Court has again generally remanded the case when the trial court made some additional findings, but those findings were either (1) not sufficient to address all of the factors or (2) not supported by the evidence. *See, e.g., In re K.C.*, 226 N.C. App. 452, 461, 742 S.E.2d 239, 245 (2013) (remanding a disposition order, without mention of incorporation, because though additional findings were made, they were not sufficient); *In re Ferrell*, 162 N.C. App. 175, 177, 589 S.E.2d 894, 895-96 (2004) (remanding, without mention of incorporation, because the evidence did not support a finding of fact). *K.C.* and *Ferrell*

indicate that while incorporation by reference of additional documents into the order is appropriate, the trial court must still make sufficient additional findings of fact to satisfy the requirements of North Carolina General Statute Section 7B-2501(c). *See K.C.*, 226 N.C. App. at 461, 742 S.E.2d at 245; *Ferrell*, 162 N.C. App. at 177, 589 S.E.2d at 895-96.

## C. Orders with Sufficient Findings of Fact

In the third category of cases, where the orders are often affirmed, the trial court made additional findings of fact with or without incorporation by reference of other documents. *See, e.g., D.E.P.*, 251 N.C. App. at 759, 796 S.E.2d at 514 (affirming, without mention of incorporation, because there were sufficient findings of fact); *In re G.C.*, 230 N.C. App. 511, 521, 750 S.E.2d 548, 555 (2013) (affirming, without mention of incorporation, in part because there were sufficient written findings of fact). *D.E.P.* and *G.C.* indicate that incorporation by reference along with additional findings of fact, may be sufficient to satisfy the requirements of North Carolina General Statute Section 7B-2501(c). *See D.E.P.*, 251 N.C. App. at 759, 796 S.E.2d at 514; *G.C.*, 230 N.C. App. at 521, 750 S.E.2d at 555.

## D. *In re N.M.*

Turning to the majority's primary analysis, in *N.M.*, the trial court incorporated documents by reference but failed to make *any* additional findings of fact. *See N.M.* ___ N.C. App. ___, 892 S.E.2d. 643. Thus, *N.M.*, would properly fall within the first category of cases. Since the trial court made no additional findings

to address the factors, but only incorporated additional documents, the trial court did not demonstrate it had exercised independent reasoning upon the case. *See, e.g., J.J., Jr.*, 216 N.C. App. at 376, 717 S.E.2d at 66; *V.M.*, 211 N.C. App. at 392, 712 S.E.2d at 215.

But this case falls into the third category of cases. *See D.E.P.*, 251 N.C. App. at 759, 796 S.E.2d at 514; *G.C.*, 230 N.C. App. at 521, 750 S.E.2d at 555. Here, the trial court not only incorporated other documents by reference but also made at least seven additional findings of fact, as quoted in the majority opinion. While the findings of fact could be worded more artfully, and they are in paragraph form rather than a neatly delineated list tracking the subsections of Section 7B-2501(c), the trial court did make additional findings addressing the factors.

In my references to past cases I have noted the trial court's use of "incorporation by reference" of other documents into the order because I am concerned that the majority's interpretation of the trial court's order elevates form over substance. The majority states, "As in *In re N.M.*, incorporating the reports by reference is insufficient to meet the statutory requirements set forth in Section 7B-2501(c)." *N.M.* stands for the proposition that incorporation of additional documents by reference, *alone,* is insufficient, but in this case, the trial court made additional findings. *See generally N.M.*, ___ N.C. App. ___, 892 S.E.2d. 643. In addition, although the majority noted the trial court's additional findings of fact, the majority failed to address the incorporated documents *at all*; the opinion reads as if *only* the

additional findings may be considered.

According to Black's Law Dictionary, "incorporation by reference" is "[a] method of making a secondary document part of a primary document by including in the primary document a statement that the secondary document should be treated as if it were contained within the primary one." Black's Law Dictionary 916 (11th ed. 2019). In other words, because the trial court did not merely *refer* to "the predisposition report, risk assessment, and needs assessment" but explicitly "incorporat[ed them] by reference" those documents "should be treated as if [they] were contained with the primary one" along with the seven additional findings of fact. *N.M.*, ___ N.C. App. ___, ___, 892 S.E.2d. 643, ___.

A clear example of review of an order with documents incorporated by reference is *In re J.A.D.*, wherein this Court stated, "The record on appeal includes [the juvenile's] predisposition report, risks assessment, and needs assessment that were incorporated by reference into the trial court's written disposition order, but these documents also do not sufficiently address each of the N.C. Gen. Stat. § 7B-2501(c) factors." *In re J.A.D.*, 283 N.C. App. 8, 24, 872 S.E.2d 374, 387 (2022) (citation omitted). In other words, the incorporated documents in *J.A.D.* case did not satisfy the factors in North Carolina General Statute Section 7B-2501(c), but the incorporated documents were considered as part of the primary document in determining whether the factors were addressed. *See id.*

Last, while again I conclude *N.M.* does not control this case because here the

trial court made additional findings of fact, while the order in *N.M.* had no additional findings, *see generally N.M.*, \_\_\_ N.C. App. \_\_\_, \_\_\_ S.E.2d. \_\_\_., I also disagree with the majority's analysis regarding application of precedent. Even if we assume there have been inconsistencies in this Court's interpretations of North Carolina General Statute Section 7B-2501(c), *see I.W.P.*, 259 N.C. App. at 261-62, 815 S.E.2d at 703, "we are bound to follow the 'earliest relevant opinion' to resolve the conflict[:]"

> Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court. *In re Civil Penalty*, 324 N.C. at 384, 379 S.E.2d at 37. The dilemma of *In Re Civil Penalty* arises when panels of this Court have decided the same issue two different ways, since we are theoretically bound by two opposing precedents or lines of precedent. And the Court may have a double dilemma where a prior panel of this Court has addressed not only the underlying issue but also the effect of *In Re Civil Penalty* on the same issue in different ways. *See Routten*, \_\_\_N.C. App. at \_\_\_, 822 S.E.2d at 449 (Berger, J., concurring) ("*As the case before us here demonstrates, this Court can be trapped in a chaotic loop as different panels disagree, not only on the interpretation of the law, but also on what law appropriately controls the issue.*"). We have that double dilemma here, since this Court addressed the same issue *and* application of *In re Civil Penalty* in *Respess*, *see Respess v. Respess*, 232 N.C. App. 611, 754 S.E.2d 691 (2014), coming to one conclusion in 2014, and in *Routten*, coming to the opposite conclusion, in 2018. *See Routten*, \_\_\_, \_\_\_ N.C. App. \_\_\_, 822 S.E.2d 436.
> Yet we must resolve this double dilemma, and we conclude *Respess* is the precedent which must be followed. Where there is a conflict in cases issued by this Court addressing an issue, ***we are bound to follow the 'earliest relevant opinion' to resolve the conflict***:
> Where a panel of the Court of Appeals

> has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court. Further, our Supreme Court has clarified that, ***where there is a conflicting line of cases, a panel of this Court should follow the older of those two lines***. With that in mind, we find *Skipper* and *Vaughn* are irreconcilable on this point of law and, as such, constitute a conflicting line of cases. Because *Vaughn* is the older of those two cases, we employ its reasoning here.
>
> *State v. Gardner*, 225 N.C. App. 161, 169, 736 S.E.2d 826, 832 (2013) (citations and quotation marks omitted). Thus, we turn to *Respess. See Respess*, 232 N.C. App. 611, 754 S.E.2d 691.

*Huml v. Huml*, 264 N.C. App. 376, 394–95, 826 S.E.2d 532, 545 (2019) (formatting altered).  I rely on "the older" case of *J.A.D.* instead of the more recent case of *In re N.M.  Huml*, 264 N.C. App. at 394-95, 826 S.E2d at 545; *see also N.M.* ___ N.C. App. ___, 892 S.E.2d 643 (noting filing in 2023); 283 N.C. App. 8, 24, 872 S.E.2d 374 (noting filing in 2022).

As the dissenting judge, I will not attempt to reconcile years of arguably inconsistent case law and remain "trapped in a chaotic loop as different panels disagree[.]"  *Huml*, 264 N.C. App. at. 395, 826 S.E.2d at 545 (citation omitted).  I simply note that here, by *incorporating* the pertinent documents into its order *along with* its additional findings of fact, the trial court satisfied North Carolina General Statute Section 7B-2501(c) as these documents and the trial court's findings address:

(1)     The seriousness of the offense;

(2)     The need to hold the juvenile accountable;

(3)     The importance of protecting the public safety;

(4)     The degree of culpability indicated by the circumstances of the particular case; and

(5)     The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.

N.C. Gen. Stat. § 7B-2501(c) (2021).  I would affirm the trial court's order.

Accordingly, I dissent.