IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-972

Filed 20 August 2025

Cumberland County, No. 23JB000351-250

IN THE MATTER OF:

D.H.,

A juvenile.

Appeal by Cumberland County Department of Social Services from order entered 4 June 2024 by Judge Toni King in Cumberland County District Court. Heard in the Court of Appeals 10 April 2025.

> *Dawn M. Oxendine, for appellant-Cumberland County Department of Social Services.*
>
> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender David W. Andrews, for defendant-appellee.*
>
> *Attorney General Jeff Jackson, by Assistant Attorney General Megan Elizabeth Shook, for the State-appellee.*

GORE, Judge.

Cumberland County Department of Social Services ("CCDSS") appeals the trial court's disposition order that continued the delinquent juvenile's custody with CCDSS. CCDSS argues the trial court lacked subject matter jurisdiction to enter the order, that the trial court failed to include findings to support continued custody with CCDSS pursuant to N.C.G.S. § 7B-2506(1)(c), and that the trial court lacked competent evidence to determine his parents would not be able to make appropriate

arrangements to meet the juvenile's needs.  Upon review of the briefs and the record, we vacate and remand.

**I.**

A petition was filed with the District Court, Cumberland County, after the juvenile had brought a knife to school.  The juvenile was charged with a misdemeanor for using, threatening to use, or displaying a firearm or other deadly weapon and was pre-adjudicated to secure custody in a detention facility.  The juvenile orders entered after each secure custody hearing prior to adjudication included findings that the juvenile's home was not an appropriate placement, and that the juvenile was a flight risk having run away from his mother's home multiple times.  The trial court also found that the juvenile was aggressive towards his mother when he became angry and younger siblings were present in the home.

CCDSS received notice that it may be given non-secure custody of the juvenile because his home was not an appropriate placement for him.  The juvenile was adjudicated delinquent after entering an admission to the weapon charge.  The juvenile was placed in nonsecure custody with CCDSS but remained in detention until the disposition hearing or placement.  The trial court continued secure custody pending disposition and continued nonsecure custody with CCDSS.  On 6 May 2024, the disposition hearing occurred, and the trial court entered a Level 1 Disposition requiring the juvenile to serve five days in detention and thereafter be released to CCDSS for it to maintain physical and legal custody.  The trial court also set a

nonsecure and permanency planning hearing for 3 June 2024. Upon the juvenile's release from detention, CCDSS assumed nonsecure custody. The juvenile ran away from CCDSS but returned two days later and was placed in a psychiatric hold at a medical center. CCDSS timely filed an appeal of the Disposition Order.

## II.

CCDSS appeals of right pursuant to N.C.G.S. § 7B-2602(4). CCDSS argues the trial court lacked subject matter jurisdiction to order the juvenile's continued custody with CCDSS. Additionally, CCDSS argues even if the trial court had jurisdiction, they failed to include findings as required by N.C.G.S. § 7B-2506(1)(c) to continue custody with CCDSS. CCDSS also argues the trial court lacked competent evidence tending to show the parents were unable to provide "alternative arrangements to meet the juvenile's needs." We review a subject matter jurisdiction challenge de novo. *In re K.U.-S.G.*, 208 N.C. App. 128, 131 (2010). We also review de novo whether the trial court followed a statutory mandate. *In re G.C.*, 230 N.C. App. 511, 515–16 (2013).

CCDSS argues the trial court's jurisdiction "terminated when it entered its disposition order." We disagree. CCDSS relies on *In re K.C.* to demonstrate that any further orders entered after termination of jurisdiction are void. However, in *In re K.C.*, the trial court entered an order summarily dismissing the juvenile petitions and this resulted in the "simultaneous termination of its jurisdiction." 292 N.C. App. 231, 242–43 (2024). The facts in *In re K.C.* differ from the present case. Subject matter

jurisdiction is initiated by the filing of the juvenile petition and does not cease until the trial court terminates jurisdiction or the juvenile reaches 18 years of age. N.C.G.S. § 7B-1601(b) (2023). Disposition orders are not automatic terminations of subject matter jurisdiction. *See* N.C.G.S. § 7B-2508 (2023) (providing different levels of disposition and articulating the court's authority to consider various disposition alternatives, as discussed in N.C.G.S. § 7B-2506 (2023)).

In the present case, the trial court entered a Level 1 Disposition after adjudicating the juvenile delinquent. The trial court also entered an Order to continue nonsecure custody of the juvenile with CCDSS. Within the Disposition Order, the trial court determined CCDSS would maintain legal and physical custody of the juvenile and set a date for a PPH and nonsecure hearing. The Disposition Order findings were in accordance with what is allowed under a Level 1 Disposition.

N.C.G.S. § 7B-2508(c) states,

> Level 1—Community Disposition.—A court exercising jurisdiction over a juvenile who has been adjudicated delinquent . . . may provide for evaluation and treatment under G.S. 7B-2502 and for any of the dispositional alternatives contained in subdivisions (1) through (13) and (16) of G.S. 7B-2506.

Section 7B-2506(1)(c) provides for juveniles who require more supervision and care to be placed in the custody of the department of social services in the county where the juvenile resides. The trial court must include "a finding that the juvenile's continuation in the juvenile's own home would be contrary to the juvenile's best interest." N.C.G.S. § 7B-2506(1)(c) (2023). Further, the trial court is required to have

review hearings for this placement "in accordance with N.C.G.S. § 7B-906.1." *Id.* These requirements not only suggest subject matter jurisdiction is ongoing but also mandate the trial court's duty to oversee the juvenile's placement by referencing section 7B-906.1. Therefore, the trial court had subject matter jurisdiction to require CCDSS to maintain legal and physical custody of the juvenile because it had not terminated its jurisdiction, and because the juvenile was not 18 years of age.

Next, CCDSS argues the trial court did not make the proper finding as required in section 7B-2506(1)(c) to place a juvenile in the custody of CCDSS. As previously stated, the trial court is required to include a finding that it is contrary to the juvenile's best interest to remain in his home. § 7B-2506(1)(c). The trial court included the following findings in the Disposition Order:

1. That the juvenile shall be placed on a Level 1 Disposition.
2. That the juvenile shall serve 5 days in detention. Upon . . . serving the five days, the Department shall continue to maintain legal and physical custody of the juvenile pursuant to 7B-906.1.
3. That the Department continues to hold placement reviews.
4. That the Department as well as the juvenile's attorney shall receive a copy of the Comprehensive Clinical Assessment and Psychological Assessment once they are returned, and that the Department shall take the appropriate steps to find appropriate placement.
5. That the PPH and Nonsecure hearing shall be scheduled for June 3, 2024, at 8:30 AM.
6. That the Department shall contact whoever is the evaluator if they need the psychological evaluation expedited.

The trial court complied with most of the statutory requirements within section 7B-2506(1)(c), but it did not include the required finding that it is contrary to the juvenile's best interest to remain in the home. *See* § 7B-2506(1)(c). The trial court

included the finding on an Order for Nonsecure Custody entered 24 June 2024, but that does not cure what is missing in the Disposition Order. As in *In re K.T.L.*, the trial court must include a finding pursuant to section 7B-2506(1)(c) that it is contrary to the best interest of the juvenile to remain in the home. 177 N.C. App. 365, 373 (2006). Accordingly, we must remand to the trial court for it to properly include the finding required in section 7B-2506(1)(c).

CCDSS also argues the trial court lacked competent evidence that the juvenile's parents could not make appropriate arrangements to meet his needs. CCDSS relies on N.C.G.S. § 7B-2501(d) that states,

> the court may dismiss the case, or continue the case for no more than six months in order to allow the family an opportunity to meet the needs of the juvenile through more adequate home supervision, through placement in a private or specialized school or agency, through placement with a relative, or through some other plan approved by the court.

N.C.G.S. § 7B-2501(d) (2023). CCDSS points to *In re Ferrell* and asserts that the trial court did not afford the parents an opportunity as provided in section 7B-2501(d). We remanded *In re Ferrell* because the trial court awarded custody to the father and failed to include "appropriate findings of fact" to support its decision to place the juvenile in the father's custody. 162 N.C. App. 175, 177 (2004). Additionally, there was no evidence in the record to support the trial court's decision. *Id.* While we agree that there must be appropriate findings of fact, the basis for that decision was rooted in section 7B-2501(c). *Id.* at 176–77. There are mandatory findings pursuant to

section 7B-2501(c) that the trial court must include in the disposition order when selecting a disposition. *See* N.C.G.S. § 7B-2501(c) (2023); *In re N.M.*, 290 N.C. App. 482, 485 (2023). But CCDSS is not seeking review of that statutory section.

Here, CCDSS argues there is not competent evidence the parents were unable to make appropriate arrangements pursuant to section 7B-2501(d). That section provides discretion for the court to decide whether to dismiss or continue the case, but it is not a mandatory requirement. *See* § 7B-2501(d). Accordingly, the trial court possesses discretion to consider whether the parents could make appropriate home arrangements but is not required to make that consideration determinative in the disposition. This argument is without merit.

## III.

For the foregoing reasons, we affirm the trial court's subject matter jurisdiction to enter the Disposition Order, and we vacate and remand to the trial court to correct the Disposition Order to include the statutorily-required finding pursuant to section 7B-2506(1)(c).

VACATE AND REMAND.

Chief Judge DILLON and Judge TYSON concur.