An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-942

Filed 4 March 2026

Cabarrus County, No. 24JB010031-120

IN THE MATTER OF: K.C.G.

Appeal by juvenile from disposition order entered 20 May 2025 by Judge Christy E. Wilhelm in Cabarrus County District Court. Heard in the Court of Appeals 28 January 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Janon M. Harris, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Jillian C. Franke, for Defendant-Appellant.*

CARPENTER, Judge.

After being adjudicated as delinquent for misdemeanor indecent exposure, K.C.G.[1] (the "Juvenile") appeals from the trial court's Level One Disposition Order. On appeal, the Juvenile argues the trial court reversibly erred by failing to make statutorily-mandated findings of fact as to the Section 7B-2501(c) factors. After careful review, we vacate and remand for a new disposition hearing and entry of an

---

[1] We use initials to protect the identity of the Juvenile. *See* N.C. R. App. P. 42(b) (2025).

order supported by appropriate findings.

## I.     Factual & Procedural Background

On 25 October 2024, the State filed a juvenile petition alleging that the fourteen-year-old Juvenile committed the offense of misdemeanor indecent exposure. On 8 April 2025, the trial court held a contested adjudication hearing where the evidence tended to show the following.

On 7 October 2024, the Juvenile, along with his classmates, were in health class at school. During class, the Juvenile exposed his genitals to several classmates for approximately ten seconds. While exposed, the Juvenile manipulated his genitals, and while looking at his classmates, proceeded to smile and laugh.

At the close of evidence, the trial court adjudicated the Juvenile delinquent. After a disposition hearing on 20 May 2025, the trial court entered the Disposition Order, noting that the Juvenile's delinquency history was low and that the trial court received and considered the pre-disposition report, which it incorporated by reference. The Disposition Order, however, lacked written findings related to the five factors contained in Section 7B-2501(c).

The Juvenile gave timely, sufficient notice of appeal.

## II.     Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. § 7B-2602(3) (2025).

## III.     Issue

The issue is whether the trial court reversibly erred by failing to make findings

of fact as to each of the Section 7B-2501(c) factors in its disposition order.

## IV.   Analysis

### A. Standard of Review

"When a juvenile argues to this Court that the trial court failed to follow a statutory mandate, the error is preserved and is a question of law reviewed *de novo*." *In re K.M.*, 276 N.C. App. 2, 5, 854 S.E.2d 453, 456 (2021) (citing *In re G.C.*, 230 N.C. App. 511, 515–16, 750 S.E.2d 548, 551 (2013)).  Under de novo review, this Court "considers the matter anew and freely substitutes its judgment for that of the lower court."  *Id.* at 5, 854 S.E.2d at 456 (citing *In re A.M.*, 220 N.C. App. 136, 137, 724 S.E.2d 651, 653 (2012)).

### B. Section 7B-2501(c) Findings

On appeal, the Juvenile argues that findings addressing the Section 7B-2501(c) factors are a statutory mandate, and that the trial court reversibly erred by failing to comply with the statutory mandate.  The State concedes error and does not oppose the Juvenile's request to remand for a new disposition hearing.

Section 7B-2512(a) requires that "the dispositional order shall be in writing and shall contain the appropriate findings of fact and conclusions of law."  N.C. Gen. Stat. § 7B-2512(a) (2025).  Section 7B-2501(c) provides:

> (c) In choosing among statutorily permissible dispositions, the court shall select the most appropriate disposition both in terms of kind and duration for the delinquent juvenile.  Within the guidelines set forth in [Section] 7B-2508, the court shall select a disposition that is

designed to protect the public and meet the needs and best interests of the juvenile, based upon:
> (1) The seriousness of the offense;
> (2) The need to hold the juvenile accountable;
> (3) The importance of protecting the public safety;
> (4) The degree of culpability indicated by the circumstances of the particular case; and
> (5) The rehabilitative and treatment needs of the juveniles indicated by a risk and needs assessment.

N.C. Gen. Stat. § 7B-2501(c) (2025).

We have held that "the trial court is required to make findings demonstrating that it considered the [Section 7B-2501(c)] factors in a dispositional order entered in a juvenile delinquency matter." *In re V.M.*, 211 N.C. App. 389, 391–92, 712 S.E.2d 213, 215 (2011) (citing *In re Ferrell*, 162 N.C. App. 175, 177, 589 S.E.2d 894, 895 (2004)). "Although information regarding the statutory factors may be included in the reports given to the court . . . and may have been considered by the trial court, the trial court is vested with the responsibility of making oral and written findings showing its consideration of the five factors . . . ." *In re N.M.*, 290 N.C. App 482, 485, 892 S.E.2d 643, 646 (2023). When a trial court fails to make sufficient findings addressing the Section 7B-2501(c) factors, we vacate and remand for a new disposition hearing. *See id.* at 485, 892 S.E.2d at 646 ; *In re J.J.*, 216 N.C. App. 366, 375, 717 S.E.2d 59, 65 (2011).

Nevertheless, this Court has, at times, departed from settled precedent on this issue. *See In re D.E.P.*, 251 N.C. App 752, 762, 796 S.E.2d 509, 515–16 (2017) (holding

that the trial court "was not required . . . to make findings of fact that expressly tracked each of the statutory factors listed in [Section 7B-2501(c)]"); *see also In re Z.G.*, __ N.C. App. __, 916 S.E.2d 591 (2025) (unpublished) (concluding that the trial court did not err when it failed "to make express written findings" as to each of the [Section 7B-2501(c)] factors because the trial court otherwise "considered" the factors).  This Court, in *In re I.W.P.*, 259 N.C. App. 254, 262, 815 S.E.2d 696, 703 (2018), recognized that *In re D.E.P.* "created a direct conflict in this Court's prior jurisprudence . . . ."  Specifically, this Court articulated that *In re D.E.P.* and its progeny departed from the "plain language of Section 7B-2501(c)" which "compels us to find that a trial court must consider each of the five factors in crafting an appropriate disposition."  *Id.* at 261, 815 S.E.2d at 702.

When presented with conflicting lines of cases, our Supreme Court has instructed that "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."  *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).  It is similarly " 'well settled that where there is a conflicting line of cases, a panel of this Court should follow the older of those two lines.' "  *In re J.D.M.-J.*, 260 N.C. App. 56, 63, 817 S.E.2d 755, 757 (2018) (quoting *Graham v. Deutsche Bank Nat'l Tr. Co.*, 239 N.C. App. 301, 306, 768 S.E.2d 614, 618 (2015)).  Thus, we will apply "the older of [the] two lines," *id.* at 63, 817 S.E.2d at 757, which requires the trial court to make findings addressing each of the Section 7B-

2501(c) factors, *see In re I.W.P.*, 259 N.C. at 264, 815 S.E.2d at 704 (citing *In re Ferrell*, 162 N.C. App. 175, 589 S.E.2d 894 (2004); *In re V.M.*, 211 N.C. App. 389, 712 S.E.2d 213 (2011); *In re K.C.*, 226 N.C. App. 452, 742 S.E.2d 239 (2013); and *In re G.C.*, 230 N.C. App. 511, 750 S.E.2d 548 (2013)).

Here, the trial court failed to make any findings—either oral or written—addressing the five factors. *See* N.C. Gen. Stat. § 7B-2501(c). Thus, the trial court failed to discharge its "vested . . . responsibility to make oral and written findings showing its consideration of the five [Section 7B-2501(c)] factors . . . ." *See In re N.M*, 290 N.C. at 485, 892 S.E.2d at 646 (cleaned up). As a result, the trial court reversibly erred by failing to make findings considering each of the Section 7B-2501(c) factors.

## V. Conclusion

We therefore vacate the Disposition Order and remand for a new disposition hearing and entry of an order supported by adequate findings of fact.

VACATED AND REMANDED.

Chief Judge DILLON and Judge TYSON concur.

Report per Rule 30(e).