An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-898

Filed 20 May 2026

Montgomery County, No. 24JB000019-610

IN THE MATTER OF:
J.K.B.

Appeal by Juvenile from order entered 3 February 2025 by Judge T. Thai Vang in Montgomery County District Court. Heard in the Court of Appeals 12 February 2026.

*Attorney General Jeff Jackson, by Special Deputy Attorney General Stephanie A. Brennan, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Jillian C. Franke, for Juvenile.*

MURRY, Judge.

J.K.B.[1] (Juvenile) appeals the trial court's disposition order classifying him as a Juvenile Delinquent Level 2. Juvenile argues that the trial court erred by entering an order that failed to either "state the terms of his disposition with particularity" under N.C.G.S. § 7B-2512(a) or "make any findings of fact" showing consideration of

---

[1]  We use a pseudonym to protect the identity of the juvenile and for ease of reading. *See* N.C. R. App. P. 42.

the dispositional factors under N.C.G.S. § 7B-2501(c). For the following reasons, this Court vacates and remands the order to the trial court for entry of a new order in accordance with N.C.G.S. §§ 7B-2512(a) and -2501(c).

## I.     Background

On 1 August 2024, the State filed a petition alleging Juvenile's delinquency for sexually assaulting his cousin. After an adjudication hearing on 25 November 2024, the trial court entered an order adjudicating Juvenile delinquent for first-degree statutory rape under N.C.G.S. § 14-27.24. The trial court continued the matter for a 3 February 2025 disposition hearing pending his completion of a predisposition report and sex-offender-specific evaluations.

At the disposition hearing, the State submitted as evidence Juvenile's adjudication order, a court counselor's evaluation, and a risk assessment prepared using the Youth Assessment and Screening Instrument (YASI). Upon receiving the documents, the trial court "accept[ed] the recommendations of the disposition report" and ordered a Level 2 disposition. The trial court orally announced the conditions of Juvenile's disposition, which required him to "cooperate with placement in a wellness program," "perform [thirty] hours of community service," "comply and complete all the recommendations from a sex[-]offender[-]specific evaluation," and, if necessary, complete Life Skills and Strengthening programs through the Montgomery County Students Assistance Program. The trial court identified neither the Juvenile's probationary disposition nor the length of any probationary term. The trial court

referenced placing Juvenile on probation by expressly prohibiting him from associating with or contacting the victim "throughout the duration of his supervised probation."

The trial court then entered a written disposition order on a form entitled *Juvenile Level 2 Disposition Order (Delinquent)*, specifically Form AOC-J-475 (ICMS), Rev. 12/21 (Form). (Capitalization altered.) In the Form's *Findings* section, the trial court marked preprinted boxes indicating that it "received and considered [Juvenile's] Pre-Disposition Report and Risk Assessment, and incorporate[d] the contents of [the] Pre-Disposition Report[ and] Risk Assessment . . . by reference." A parenthetical after this line states that "[i]f the report is incorporated, a copy of the report *must* be attached to the order." The trial court did not attach any report to the dispositional order. The *Other Findings* section of the form included a preprinted "NOTE" instructing the trial court to:

> State any findings regarding the seriousness of the offense(s); the need to hold the juvenile accountable; the importance of protecting the public; the degree of the juvenile's culpability; the juvenile's rehabilitative and treatment needs; and available and appropriate resources. Also use this space for any findings that are required to support a particular disposition, such as a finding of the juvenile's ability to pay if the [c]ourt is ordering restitution.

The trial court made no additional findings under the *Other Findings* section. Under the Form's *Conclusions of Law* section, the trial court ordered a Level 2 disposition authorized by law that was appropriate to meet both the juvenile's needs

and the State's objectives. The trial court left the Form's *Order* section blank, including the *Probation* subsection. Juvenile timely appealed the disposition order.[2]

## II.    Jurisdiction

This Court has jurisdiction over Juvenile's appeal from the trial court's "order of disposition after [the] adjudication that . . . [he wa]s delinquent." N.C.G.S. § 7B-2602 (2025).

## III.    Analysis

On appeal, Juvenile argues that the trial court erred by failing "to state the terms of his disposition with particularity" and by failing "to make any findings of fact" showing its consideration of the dispositional factors under N.C.G.S. § 7B-2512(a) and § 7B-2501(c), respectively. We review *de novo* the question of whether the trial court "properly complied with its statutory duty to make findings" under N.C.G.S. §§ 7B-2512(a), -2501(c). *In re J.D.*, 267 N.C. App. 11, 19 (2019). For the following reasons, we vacate and remand the dispositional order.

### A. N.C.G.S. § 7B-2512(a)

First, Juvenile argues that the trial court erred by failing "to state the terms of his disposition with particularity" under N.C.G.S. § 7B-2512(a). The State concedes error on this point. For the following reasons, we agree with Juvenile and thus vacate and the order and remand for entry of a new order under N.C.G.S. § 7B-2512(a).

---

[2]    Juvenile does not appeal the trial court's adjudication order.

In juvenile-delinquency proceedings, the trial court's dispositional order must "be in writing" and "contain appropriate findings of fact and conclusions of law." N.C.G.S. § 7B-2512(a). Additionally, the trial court must "*state with particularity*, both orally and in the written order of disposition, the precise terms of the disposition including the kind, duration, and the person who is responsible for carrying out the disposition and the person or agency in whom custody is vested." *Id.* (emphasis added). A trial court reversibly errs by failing to do so. *See, e.g., In re J.L.B.M.*, 176 N.C. App. 613, 628 (2006) (remanding where trial court made proper oral finding but failed to include it in written dispositional order).

Here, the trial court failed to indicate, both orally and in writing, the length of Juvenile's probationary term. Although the trial court orally referenced Juvenile's probation, it never specifically ordered it or indicated its length. Likewise, the trial court failed to document the length of Juvenile's probation by leaving the Form's *Probation* section entirely blank. Thus, the trial court erred by failing to state the disposition's "precise terms" "with particularity" orally and in writing. N.C.G.S. § 7B-2512(a). Accordingly, we vacate and remand the order for entry of a new dispositional order in accordance with N.C.G.S. § 7B-2512(a). *See J.L.B.M.*, 176 N.C. App. at 628.

## B. N.C.G.S. § 7B-2501(c)

Second, Juvenile argues that the trial court erred by failing "to make any findings of fact to demonstrate that it considered the mandatory factors" under

N.C.G.S. § 7B-2501(c). For the following reasons, we agree with Juvenile and vacate the order for further fact-finding that must document the trial court's consideration of N.C.G.S. § 7B-2501(c)'s dispositional factors. On remand, the trial court may hold a new dispositional hearing for additional evidence if deemed appropriate and necessary to make § 7B-2501(c)'s required findings.

The trial court must "select a disposition that is designed to protect the public and to meet the needs and best interests of the juvenile" based on:

(1) The seriousness of the offense;
(2) The need to hold the juvenile accountable;
(3) The importance of protecting the public safety;
(4) The degree of culpability indicated by the circumstances of the particular case; and
(5) The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.

N.C.G.S. § 7B-2501(c). In so determining, the trial court "may consider written reports or other evidence . . . that the court finds to be relevant, reliable, and necessary to determine the needs of the juvenile and the most appropriate disposition." *Id.* § 7B-2501(a). The trial court reversibly errs by failing to document the required findings under these five factors. *See, e.g.*, *In re J.J.*, 216 N.C. App. 366, 376 (2011) (remanding in part for failure to include "any written findings of fact").

### 1. *Dispositional Factors*

We first reaffirm that the trial court's dispositional order must address all five factors listed in N.C.G.S. § 7B-2501(c). *Contrast In re D.E.P.*, 251 N.C. App. 752, 759

(2017) (upholding collective findings based on no reason to "conclu[de] that" " 'appropriate' findings of fact must reference all [five] factors listed in § 7B-2501(c)" "in every case" (ellipses omitted)), *with In re I.W.P.*, 259 N.C. App. 254, 261 (2018) (criticizing *D.E.P.*'s "direct conflict [with] this Court's prior jurisprudence" that required findings on each dispositional factor). The *I.W.P.* Court held that the statute's plain language "compels" the conclusion "that a trial court must consider each of the five factors in crafting an appropriate disposition." *I.W.P.*, 259 N.C. App. at 262. It reasoned that the General Assembly requires trial courts to "select a disposition" that "protects the public and is in the best interest of the juvenile 'based upon' consideration of a conjunctive list of factors." *Id.* at 261 (quoting N.C.G.S. § 7B-2501(c)). "[W]hen the conjunctive 'and' connects words, phrases or clauses of a statutory sentence, they are to be considered jointly." *Id.* (quotation omitted). We are thus bound by *I.W.P.*'s holding that the trial court must consider *all* five factors in N.C.G.S. § 7B-2501(c) and expressly document as much in its dispositional order. *See id.* at 264 (first citing *In re Ferrell*, 162 N.C. App. 175, 177 (2004); then citing *In re V.M.*, 211 N.C. App. 389, 391–92 (2011); then citing *In re K.C.*, 226 N.C. App. 452, 462 (2013); and then citing *In re G.C.*, 230 N.C. App. 511, 519 (2013)).

The dispositive issue here is not whether the trial court sufficiently documented each dispositional factor but whether the documents "incorporated by reference" fulfill this requirement on their own terms. *I.W.P.*, 259 N.C. App. at 264 (quoting Form). Because the trial court incorporated outside documents into its order

in lieu of explicit dispositional findings, we must instead determine the extent to which it may rely on those incorporated documents to sufficiently address the dispositional factors. If we conclude it may, we must also determine the sufficiency of the extraneous documents here to show those dispositional factors.

## 2. *External Documentation*

In other words, we must determine whether incorporated documents alone can satisfy N.C.G.S. § 7B-2501(c)'s statutory mandate of multi-factor documentation. Conflicting decisions have left this Court with "years of arguably inconsistent case law . . . trapped in a chaotic loop as different panels disagree." *In re A.G.J.*, 291 N.C. App. 322, 333 (2023) (Stroud, C.J., dissenting) (quotation omitted), *vacated as moot*, 386 N.C. 651 (2024). Our precedents generally turn on the breadth and depth of a trial court's findings of fact and the extent to which they rely on incorporated documents by reference. We outline the divergent lines of precedent below.

### a. *Incorporation*

In the first line of cases, this Court has considered incorporated documents when determining whether the trial court sufficiently addressed the statutory factors, thereby holding that the trial court may do so through incorporated documents. *See I.W.P.*, 259 N.C. App. at 264 (remanding where no findings addressed two of the five factors and the "supplemental reports and assessments" did not

address them either);[3] *In re J.A.D.*, 283 N.C. App. 8, 24 (2022) (remanding where trial court made no findings addressing factors, and juvenile's "predisposition report, risks assessment, and needs assessment that were incorporated by reference" did not sufficiently address them). Notably, in both *I.W.P.* and *J.A.D.*, this Court held the disposition orders deficient for lack of sufficient findings but nonetheless considered incorporated documents as part of the orders in determining whether the trial court addressed the required factors in N.C.G.S. § 7B-2501(c). *See generally I.W.P.*, 259 N.C. App. at 264; *J.A.D.*, 283 N.C. App. at 24–25. Regardless, this line of reasoning necessarily permits the trial court's reliance on incorporated materials to supplement an absence of written findings within the four corners of a dispositional order itself.

### b. Non-Incorporation

In the second line, however, this Court expressly rejected the idea that incorporation alone could be enough to satisfy the statutory mandate and recognized the trial court's responsibility to document findings addressing each dispositional factor. In other words, this Court has remanded dispositional orders that fail to make explicit findings addressing each factor regardless of whether they incorporated outside materials which may have done so. *See V.M.*, 211 N.C. App. at 392 (remanding for failure to "attach any additional findings of fact" despite "incorporat[ing] by

---

[3] We note that, while *I.W.P.* controls the first portion of our analysis, it does not control the second. *See In re V.M.*, 211 N.C. App. 389, 392 (2011); *In re Civil Penalty*, 324 N.C. 373, 384 (1989); *State v. Gardner*, 225 N.C. App. 166, 169 (2013).

reference the predisposition report, risk assessment, and needs assessment"); *In re N.M.*, 290 N.C. App. 482, 485 (2023) (drawing upon *V.M.* to hold that Form's *Other Findings* "section *must* be filled with findings . . . regarding the five factors" (emphasis added)); *A.G.J.*, 291 N.C. App. at 326 (majority op.) (reaffirming *N.M.*). In order words, this line of cases reveals this Court's refusal to consider incorporated documents in determining whether the trial court complied with the statutory mandate that it address the dispositional factors, thereby holding that the trial court may not rely on outside materials to supplement the required dispositional findings.

In *V.M.*, we remanded a disposition order after the trial court simply "checked boxes" on the Form to indicate its "recei[pt], consider[ation], and incorporat[ion] by reference [of] the predisposition report, risk assessment, and needs assessment." *V.M.*, 211 N.C. App. at 392. But it neglected to include any "additional findings of fact, including in" the Form's *Other Findings* section. *Id*. In so doing, the *V.M.* Court indicated that, while the trial court may incorporate outside documents, it must also make some additional findings of fact to comply with the statutory mandate. *Id*. More recently, in *In re N.M.*, we remanded a disposition order where the trial court incorporated outside documents from which it "*could* have made the necessary findings" within the Form's *Other Findings* section but did not do so. *N.M.*, 290 N.C. App. at 482 (emphasis added). Reasoning from a trial court's general "responsibility [to] mak[e] oral and written findings showing its consideration of the five factors,"

the *N.M.* Court held that this duty mandated express findings within the *Other Findings* section itself; "otherwise[,] it is reversible error." *Id.* at 485.

Additionally, in *A.G.J.*, the Court's majority reaffirmed *N.M.*'s holding through partial reliance on *In re Civil Penalty*'s precedential command. *See A.G.J.*, 291 N.C. App. at 322; *In re Civil Penalty*, 324 N.C. 373, 384 (1989). In *A.G.J.*, the trial court sentenced a juvenile to a year of probation for school-fighting and joyriding. *Id.* at 323. In its disposition order, the trial court checked the same Form boxes as in this case and further documented certain factors in the *Other Findings* section. *Id.* at 326., But the majority nonetheless held that, "[a]s in *N.M.*, incorporating the reports by reference" alone could not fulfill N.C.G.S. § 7B-2501(c)'s "statutory requirements." *Id.* (citing *N.M.*, 290 N.C. App. at 484–85). This line of reasoning expressly rejects the trial court's reliance on incorporated documents to "stand in" for the trial court's consideration of § 7B-2501(c)'s factors. *See N.M.*, 290 N.C. App. at 485. Instead, it recognizes the trial court's responsibility to make explicit findings as to each of the five dispositional factors. *See In re D.H.*, 300 N.C. App. 288, 292–93 (2025) (noting "mandatory findings pursuant to section 7B-2501(c) that the trial court must include in the disposition order when selecting a disposition").

### c. *Application*

These conflicting lines of cases illustrate "a direct conflict in this area of the law," *I.W.P.*, 259 N.C. App. 254, 263 (2018), that compels our return to "the older of the two case[ ]" lines, *In re R.T.W.*, 359 N.C. 539, 542 n.3 (2005), *superseded by statute*

*on other grounds*, Act of Aug. 23, 2005, S.L. 2005-398, sec. 9, § 7B-909(c), 2005 N.C. Sess. Laws 1455, 1459. And because "an earlier horizontal precedent nearly always controls" "an intermediate appellate court," it controls our analysis here. Bryan A. Garner et al., *The Law of Judicial Precedent* 303 (1st prtg. 2016); *Civ. Penalty*, 324 N.C. at 384.

Although *I.W.P.* and *J.A.D.* predate *N.M.* and *A.G.J.*, the Court in *N.M.* expressly relied on our earlier decision in *V.M.*, in which we remanded a dispositional order for "insufficient" findings despite its incorporation of outside documents.[4] *V.M.*, 211 N.C. App. at 392; *compare I.W.P.*, 259 N.C. App. at 264 (filed in 2018) *and J.A.D.*, 283 N.C. App. at 24 (filed in 2022) *with V.M.*, 211 N.C. App. at 392 (filed in 2011). Because this Court decided *V.M.* before *I.W.P.* and *J.A.D.*, we conclude that we are bound by the *V.M./N.M.* line of cases. *See Civ. Penalty*, 324 N.C. at 384; *State v. Gardner*, 225 N.C. App. 161, 169 (2013). These cases recognize the trial court's "responsibility of making oral and written findings showing its consideration of the five factors" despite its incorporation of other documents that may address them.

---

[4]     We note that, while the *V.M.* Court cited to our earlier decision in *In re Ferrell*, that decision is inapplicable here because it is not the "earliest *relevant* opinion." *Huml v. Huml*, 264 N.C. App. 376, 395 (2019) (emphasis added); *see In re Ferrell*, 162 N.C. App. 175, 177 (2004); *Civ. Penalty*, 324 N.C. at 384; *Gardner*, 225 N.C. App. at 169. In *Ferrell*, we remanded a dispositional order because the evidence failed to support certain findings of fact without mentioning or considering incorporated documents. *See Ferrell*, 162 N.C. at 177. But in *V.M.*, this Court remanded an order for insufficient findings despite its incorporation of other documents. *See In re V.M.*, 211 N.C. App. 389, 392 (2011). Thus, *V.M.* is the most relevant to the facts here.

*N.M.*, 290 N.C. App. at 485. Accordingly, we hold that the "the trial court must make findings addressing the statutory factors" in N.C.G.S. § 7B-2501(c).[5] *Id.*

Here, the trial court checked boxes on the preprinted form indicating its incorporation of a predisposition report and risk assessment into the dispositional order, containing much information from which the trial court could have made N.C.G.S. § 7B-2501(c)'s necessary findings. Although the "NOTE" section of the Form instructed the trial court to make additional findings addressing each of the dispositional factors, it made no such findings and left the *Other Findings* section of the Form entirely blank. Thus, the trial court did not make any findings documenting its consideration of each dispositional factor, including "any findings regarding the seriousness of the offense(s); the need to hold the juvenile accountable; the importance of protecting the public; the juvenile's rehabilitative and treatment needs; and available and appropriate resources." *V.M.*, 211 N.C. App. at 392. Because the trial court failed to make findings addressing the dispositional factors in N.C.G.S. § 7B-2501(c), and because merely "checking the boxes indicating the trial court received, considered, and incorporated" other documents is insufficient to address them, we vacate the order and remand for a new dispositional hearing and entry of

---

[5] We nonetheless urge our Supreme Court to formally resolve this issue as the final arbiter of our state's laws. *See Unemp. Comp. Comm'n v. Jefferson Std. Life Ins. Co.*, 215 N.C. 479, 486 (1939) (explaining that questions of state law are "to be interpreted finally" by our Supreme Court).

an order that includes written findings showing the trial court's consideration of these factors.

## IV.   Conclusion

For the reasons above, this Court vacates the dispositional order and remand for entry of a new order in accordance with N.C.G.S. § 7B-2512(a) and 7B-2501(c). On remand, the trial court may hold a new dispositional hearing and consider additional evidence if deemed appropriate and necessary to make the required findings of N.C.G.S. § 7B-2501(c).

VACATED AND REMANDED.

Judges STROUD and GRIFFIN concur in result only.

Report per Rule 30(e).